D. Victoria Baranetsky (SBN 311892)
The Center For Investigative Reporting
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 809-3160
Fax: (510)849-6141
vbaranetsky@revealnews.org

Thomas R. Burke (SBN 141930)
Sarah E. Burns (SBN 324466)
Davis Wright Tremaine LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6552
Fax: (415) 489-9052
ThomasBurke@dwt.com
SarahBurns@dwt.com

Counsel for Plaintiff
The Center for Investigative Reporting

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. **3:24-CV-6347**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT** |

-1-

**INTRODUCTION**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief.  The Center for Investigative Reporting (hereinafter "CIR") seeks the processing and release of agency records requested from Defendant the United States Department of Justice (hereinafter "DOJ").

2.      In March 2023, Plaintiff submitted a FOIA request (the "FOIA Request") to the DOJ for records related to the Human Rights and Special Prosecutions Section (hereinafter "HRSPS"), a component of the DOJ created in March 2010 to investigate and prosecute cases against human rights violators and other international criminals.

3.      More specifically, CIR's FOIA Request seeks records it believes are in HRSPS's possession showing former Sri Lanken President Gotabaya Rajapaksa committed war crimes and egregious human rights violations during the final days of the Sri Lankan civil war.

4.      Because Mr. Rajapaksa currently is seeking to reinstate his American citizenship, the records are essential to the public's understanding of whether such restoration is proper.

5.      CIR brings this action under FOIA to enjoin the DOJ from continuing to improperly withhold responsive agency records.  This FOIA action is necessary because DOJ refuses to admit whether records responsive to the FOIA Request exist, constituting constructive denials of the FOIA Request.

6.      The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

**JURISDICTION**

7.      The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 5 U.S.C. §§ 701–706.

-2-

1

**VENUE AND INTRADISTRICT ASSIGNMENT**

2

8.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402.

3

Plaintiff CIR has its principal place of business in this district.

4

9.     Assignment to the San Francisco Division or the Oakland Division is proper

5

pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this

6

action occurred in San Francisco County, where CIR's principal place of business is located.

7

**PARTIES**

8

10.     Plaintiff CIR publishes *Mother Jones*, a weekly magazine and online news site that

9

reach millions of readers each month. Founded in 1976 as the first non-profit investigative news

10

organization in the country, *Mother Jones* has received multiple awards for its reporting, including

11

Magazine of the Year.

12

11.     Plaintiff also publishes *Reveal*, an online news site, at revealnews.org, as well as a

13

weekly public radio show with approximately 3 million listeners, as well as documentaries and

14

other media.

15

12.     CIR is a non-profit established under the laws of the State of California, with its

16

primary office in San Francisco, California.

17

13.     The HRSPS is a component of Defendant U.S. Department of Justice and a federal

18

agency within the meaning of 5 U.S.C. § 552(f).  CIR is informed and believes that the HRSPS has

19

possession and control of the records sought by its FOIA request.

20

**FACTUAL BACKGROUND**

21

**A.     The DOJ Investigates and Collects Information on Alleged War Criminals and**

22

**Human Rights Violators Residing in the United States.**

23

14.     This case concerns certain records (including a video) possessed by the HRSPS, an

24

entity which "investigates and prosecutes human rights violators for genocide, torture, war crimes,

25

recruitment or use of child soldiers, female genital mutilation, and for immigration and

26

naturalization fraud arising out of efforts to hide their involvement in such crimes."[1]

27

---

28

[1] *The Human Rights and Special Prosecutions Section*, DOJ: Criminal Division, https://www.justice.gov/criminal-hrsp (last visited August 26, 2024).

-3-

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

15.     Created in 2010, the HRSPS is part of a coordinated, interagency effort to deny safe haven in the United States to human rights violators.  HRSPS works closely with the Department of Homeland Security and the Department of State, among other agencies, to identify such individuals and prevent them from entering the United States.[2]

16.     In 2017, the HRSPS joined with Human Rights Violators and War Crimes Center (hereinafter "HRVWCC") under the United States' Immigration and Customs Enforcement (hereinafter "ICE") to support that agency in identifying, investigating, and prosecuting those who commit human rights violations.[3]  Homeland Security Investigations (HSI) and the Federal Bureau of Investigation (FBI) are the principal law enforcement agencies with which HRSPS works in pursuing these cases.

17.     The main focus of this coordinated effort is to "ensure that the United States does not become a safe haven for human rights violators."[4]  In this work, HRSPS has frequent contact with foreign governments, international tribunals, and nongovernmental organizations as it conducts the investigations.  *Id.*

18.     In an interview for a story published by CIR on suspected war criminals living in the United States, HRSPS representatives stated publicly that they had leads on nearly 1,700 suspected war criminals and human rights violators inside the US.[5]

19.     Hope Olds, the current chief of HRSPS, said HRSPS regularly "handle[s] a variety of matters, including human rights abuse cases, as well as international violent crime, and international human smuggling matters." *Id.*

---

[2] *See* About - The Human Rights and Special Prosecutions Section, DOJ: Criminal Division, https://www.justice.gov/criminal-hrsp/about-hrsp; *see also Assistant Attorney General Lanny A. Breuer Announces New Human Rights and Special Prosecutions Section in Criminal Division*, United States Department of Justice, March 30, 2010, https://www.justice.gov/opa/pr/assistant-attorney-general-lanny-breuer-announces-new-human-rights-and-special-prosecutions.

[3] *Human Rights Violators and War Crimes Center Fiscal Year 2021 Report to Congress*, ICE, February 9, 2022, https://www.dhs.gov/sites/default/files/2022-04/ICE%20-%20Human%20Rights%20Violators%20and%20War%20Crimes%20Center.pdf.

[4] U.S. Department of Justice Criminal Division, Human Rights and Special Prosecutions Section Portfolio, https://www.justice.gov/criminal-hrsp/page/file/931516/download.

[5] Ike Sriskandarajah, *My Neighbor the Suspected War Criminal*, REVEAL Apr. 23, 2022, https://revealnews.org/podcast/my-neighbor-the-suspected-war-criminal/.

-4-

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

20.     Though the agency at that point had existed for more than 12 years, Olds said in 2022 that HRSPS had yet to charge or prosecute *anyone* it had investigated for war crimes or genocide. *Id.*

21.     The lack of criminal prosecutions brought against suspected war criminals and human rights violators has forced victims of atrocities to seek justice through other means, like civil suits against perpetrators.[6]

**B.     The DOJ Possesses Investigatory Records on Sri Lankan Government Officials Who Committed War Crimes and Other Human Rights Violations During the Sri Lankan Civil War.**

22.     One such case involves Sri Lanka's former army chief, Lieutenant General Shavendra Silva.  Mr. Silva has been accused of extrajudicial killing and torture during the final stages of the Sri Lankan civil war, which was fought from 1983 to 2009.  Relatives of his alleged Tamil victims in Sri Lanka brought an unsuccessful civil lawsuit against Mr. Silva in 2011.[7]

23.     The U.S. government has since imposed sanctions on Mr. Silva "for war crimes committed [during] the final stages of the conflict against the Tamil Tigers in 2009, when up to 70,000 Tamil civilians were killed."[8]

24.     Another such case involves the former Sri Lankan president Gotabaya Rajapaksa who was a naturalized U.S. citizen when he returned to Sri Lanka in 2005 to become the nation's Secretary of Defense.  During his time as defense secretary, Mr. Rajapaksa oversaw a scorched-earth campaign to end Sri Lanka's 26-year civil war, that included the bombing of Tamil civilians inside a safe zone, shelling hospitals, killing surrendered fighters, and illegally arresting and torturing civilians.

---

[6] Ike Sriskandarajah, *6 Takeaways from Our Investigation into Suspected War Criminals in the US*, REVEAL, May 12, 2022, https://revealnews.org/article/takeaways-suspected-war-criminals-investigation/.

[7] *US Court Dismisses War Crimes Case Against Shavendra Silva*, BBC, Feb. 2012, https://www.bbc.com/sinhala/news/story/2012/02/120209_shavendra.

[8] Julian Borger, *U.S. imposes sanctions on Sri Lankan army chief over war crimes*, The Guardian, Feb. 14, 2020, https://www.theguardian.com/world/2020/feb/14/ us-sanctions-sri-lanka-army-chief-shavendra-silva.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

25.     The U.S. government allegedly was aware of these allegations for years but allowed Rajapaksa to travel freely between the U.S. and Sri Lanka.[9]

26.     In April 2019, Ahimsa Wickrematunge filed a lawsuit in California seeking to hold Rajapaksa responsible for the torture and killing of her father, the award-winning journalist Lasantha Wickrematunge. *See Wickrematunge v. Rajapaksa*, No. 19 Civ. 2577 (C.D. Cal. Oct. 17, 2019).[10]

27.     On March 2, 2020, the Ninth Circuit Court of Appeals vacated a District Court order finding that Rajapaksa was entitled to foreign official immunity for criminal acts committed while he was Secretary of Defense of Sri Lanka.[11]

28.     The Ninth Circuit Court of Appeals also granted Ahimsa's request to dismiss the case without prejudice.  Ahimsa made the request because in November 2019, Rajapaksa was elected president of Sri Lanka, and had immunity from suit under U.S. law while in office.

29.     In 2019, Rajapaksa, formerly a dual citizen of both Sri Lanka and the U.S., gave up his US citizenship to partake in the Sri Lankan presidential elections, but since then has (1) fled the country amid massive pro-democracy protests in response to the island's severe economic and humanitarian crisis; (2) formally resigned the presidency; and (3) reapplied for the restoration of his US citizenship after failing to secure asylum in other countries.[12]

30.     Since the pro-democracy protesters in Sri Lanka forced Rajapaksa out of office, both U.S. and U.N. lawmakers have called for holding the former president accountable for the alleged war crimes and human rights violations committed under his leadership during the Sri

---

[9] Ryan Goodman, *Sri Lanka's Greatest War Criminal (Gotabaya) is a US Citizen: It's Time to Hold Him Accountable*, Just Security, May 19, 2014, https://www.justsecurity.org/10537/sri-lanka-gotabaya-us-citizen-war-crimes-accountability/.

[10] Also available at https://cja.org/wp-content/uploads/2019/04/Complaint-Wickrematunge-v-Rajapaksa.pdf.

[11] *Ninth Circuit Court of Appeals Issues Decision in Case Against Gotabaya Rajapaksa*, The Center for Justice & Accountability, March 2, 2020, https://cja.org/ninth-circuit-court-of-appeals-issues-decision-in-case-against-gotabaya-rajapaksa/.

[12] *Former Sri Lanka President Gotabaya Rajapaksa Returns to Sri Lanka from Dubai*, OUTLOOK INDIA, Jan. 6, 2023, https://www.outlookindia.com/international/former-sri-lanka-president-gotabaya-rajapaksa-returns-to-sri-lanka-from-dubai-news-251373.

-6-

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

Lankan war.

31.     In 2022, Congressmen Raja Krishnamoorthi (IL) and Hank Johnson (GA) in a bipartisan letter to U.S. Secretary of State Antony Blinken urged the federal government to "remain committed to holding perpetrators accountable and work to establish an international justice mechanism for war crimes and crimes against humanity from the Sri Lankan Civil War."[13]

32.     One specific record sought by CIR is a video recording in which General Shavendra Silva and Defense Secretary Gotabaya Rajapaksa give instructions to kill surrendered Tamil fighters and their civilian families in the final days of the Sri Lankan civil war, a clear and egregious human rights violation.  CIR reporter Ike Sriskandarajah became aware of the video while reporting on war criminals living in the United States.  More specifically, during the course of his reporting, Mr. Sriskandarajah interviewed Mr. Elias Jeyarajah, then president of the United States Tamil Political Action Council, who has seen the recording and confirmed that investigating officials had secured a copy of it.

### **PROCEDURAL BACKGROUND**

33.     On March 27, 2023, CIR submitted the FOIA Request to the DOJ seeking records concerning former defense secretary Gotabaya Rajapaksa.  A true and correct copy of the FOIA Request is attached as **Exhibit A**.  It states:

> Pursuant to the Freedom of Information Act (5 U.S.C. Section 552), I request the following records from the Human Rights and Special Prosecutions Section (HRSP):
>
> 1.  HRSPS obtained a digital AV recording made in or around May 2009 of Sri Lankan Secretary of Defense Gotabaya Rajapaksa ordering Gen. Shavendar Silva discussing the treatment of prisoners and individuals surrendering to the Sri Lankan army. The recording is related to killings that became known as "The White Flag Incident."
>
>      a.  The recording was made by a journalist embedded with the Sri Lankan military

---

[13] *Congressmen Krishnamoorthi and Johnson Lead Bipartisan Call for The Biden Administration to Support United Nations Efforts to Investigate Alleged War Crimes During Sri Lankan Civil War*, Press Release, Office of Congressmen Raja Krishnamoorthi, Sept. 26, 2022, https://krishnamoorthi.house.gov/media/press-releases/congressmen-krishnamoorthi-and-johnson-lead-bipartisan-call-biden.

-7-

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

and likely acquired by US authorities or officials in late 2012.

    b.  The audio of the recording is mainly in Sinhala but it is interspersed with

       English words like "Defense Secretary," "orders," "surrendees," and "kill."

2.  Correspondence between DHS official, Mr. Thomas Eyre and Elias Jeyarajah, about the

    contents of the AV recording. Any and all reports by Eyre about the AV.

3.  AV (mis)attributed to the Sri Lankan Defense "Minister" ordering the killing of those

    who had surrendered

4.  AV described as evidence of any US citizen or permanent resident concerned in the

    commission or abatement of suspected war crimes and other atrocities in Sri Lankan in

    or around May 2009

5.  Emails, reports, cables about this AV recording shared by HRSPS special prosecutors

6.  Investigative case files into potential atrocity crimes of Gotabaya Rajapaks and Gen.

    Shavendar Silva.

    34.     On June 27, 2023, Defendant DOJ acknowledged receipt of the FOIA Request and assigned it case number CRM-301936142.  A true and correct copy of DOJ's acknowledgement letter is attached here as **Exhibit B**.

    35.     In the letter, the DOJ stated the following stated the following rationale for its refusal to neither confirm nor deny the existence of responsive records:

> Please be advised that I have decided to neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) pf the FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement records regarding another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the existence of records responsive to your request.

    36.     On August 30, 2023, CIR timely filed an appeal of initial determination.  A true and correct copy of the administrative appeal letter is attached here as **Exhibit C**.

    37.     On August 31, 2023, the DOJ's Office of Information Policy ("OIP") acknowledged

-8-

1    receipt of CIR's administrative appeal and assigned it tracking number A-2023-01930.

2        38.    On March 12, 2024, the OIP denied CIR's appeal.  A true and correct copy of the

3    OIP's denial letter is attached here as **Exhibit D**.

4        39.    CIR has not received any further communications from the DOJ regarding the

5    administrative appeal or the FOIA Request.

6        40.    CIR is informed and believes that the DOJ has custody and control of the records

7    sought by the FOIA Request.

8        41.    Because CIR has appealed DOJ's determination regarding the FOIA Request, and

9    OIP has affirmed that determination, 5 U.S.C. § 552(a)(6)(A)(ii), CIR is "deemed to have

10   exhausted [its] administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

11                          **FIRST CAUSE OF ACTION**

12                            **(Violation of FOIA)**

13       42.    CIR realleges and reincorporates the allegations in the foregoing paragraphs as

14   though fully set forth herein.

15       43.    DOJ had a legal duty under FOIA to determine whether to comply with a request

16   within 20 working days after receiving the FOIA Request.  DOJ also has a legal duty to timely

17   notify the requester of the agency's determination and the reasons therefore.

18       44.    CIR has a legal right under FOIA to obtain the agency records it requested in its

19   FOIA Request.  There is no legal basis for DOJ's failure to provide all records responsive to the

20   FOIA Request to CIR.

21       45.    DOJ has violated 5 U.S.C. § 552(a)(3)(A) by failing to timely release agency

22   records in response to the FOIA Request.

23       46.    5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to CIR because DOJ

24   continues to flout FOIA and improperly withhold agency records.

25       47.    28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable

26   controversy exists regarding DOJ's improper withholding agency records in violation of FOIA.

27                            **PRAYER OF RELIEF**

28       WHEREFORE, CIR requests that the Court award the following relief:

-9-

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**

1          a.      Declare that DOJ violated FOIA in its response to CIR's FOIA Request;

2          b.      Order DOJ to conduct a search for all records responsive to the FOIA

3                     Request, employing search methods reasonably likely to lead to the discovery

4                     of records responsive to the FOIA Request;

5          c.      Order DOJ to produce, by a date certain, all nonexempt records and portions

6                     of records responsive to the FOIA Request, and a *Vaughn* index of each

7                     responsive record or portion of record withheld under a claim of exemption.

8          d.      Enjoin DOJ from continuing to withhold any nonexempt record responsive to

9                     CIR's FOIA Request;

10          e.      Award to CIR its attorneys' fees and other litigation costs reasonably incurred

11                     in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

12          f.      Grant CIR such further relief as the Court may deem just and proper.

13

14  DATED: April 12, 2024                     Respectfully submitted,

15

16

17  _____

18                                Thomas R. Burke (SBN 141930)

19                                Sarah E. Burns (SBN 324466)
                              Davis Wright Tremaine LLP

20                                50 California Street, 23rd Floor
                              San Francisco, California 94111

21                                Telephone: (415) 276-6552
                              Fax: (415) 489-9052

22

23                                Counsel for Plaintiff The Center For
                              Investigative Reporting

24                                D. Victoria Baranetsky (SBN 311892)
                              The Center For Investigative Reporting

25                                222 Sutter Street, #600
                              San Francisco, CA 94108

26                                Telephone: (510) 809-3160
                              Fax: (510)849-6141

27                                vbaranetsky@revealnews.org

28

-10-
COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF FOR VIOLATING FOIA
Case No. **3:24-CV-6347**